COOPER & OTHERS, Respondents, *vs.* GARESCHE & OTHERS, Appellants.

1. In a partition suit, where the shares of some of the parties are set off, and the residue of the land is reported not susceptible of division, and sold, the costs of all the proceedings, including the costs of sale, must be equally taxed against all the parties. (SCOTT, J., dissenting.)

*Appeal from St. Louis Circuit Court.*

This was a suit for partition. When the petition was filed, Sarah Cooper, one of the plaintiffs, was entitled to one-eighth of

the land in fee, and to a life estate in all the residue, and each of the other parties was entitled to one-eighth, subject to her life estate. During the progress of the suit, some of the parties acquired the outstanding life estate to the extent of their shares. Commissioners were appointed to make partition, who set off the shares of those in whom the life estate and estate in remainder had become united, and reported that the residue of the land was not susceptible of division, and recommended that it be sold. A sale was ordered and made, and afterwards, the plaintiffs moved the court to tax all the costs, including those of the sale, equally, against all the parties to the suit, in proportion to their respective interests. The motion was sustained, and the parties whose shares had been set off to them excepted, and appealed to this court.

*A. P. & P. B. Garesché*, for appellants, insisted that after the shares of some of the parties had been set off to them, the controversy was at an end as to them, and that the court erred in taxing against them any portion of the costs which accrued subsequently. They referred to sections 29, 30, 38 and 40 of the act concerning partition, (R. C. 1845.)

*Samuel Reber*, for respondent, referred to the act of January 25, 1847. (Sess. Acts, 1847, p. 106.)

RYLAND, Judge, delivered the opinion of the court.

The question in this case has reference only to the costs of the proceedings below. It was a proceeding for partition of real estate among its several owners, eight in number. The real estate was partitioned in part, and several shares allotted to several of the owners. The balance was strangely enough thought not susceptible of division, and so reported. The Circuit Court approved the report, and ordered sale.

Afterwards, the Circuit Court, by its judgment, ordered the costs of the proceedings, including the costs of sale, to be paid by all the parties interested in the partition, in proportion to their respective interests. The persons to whom shares had

been allotted and partitioned off complain of this judgment, and insist that, as they each one had his share set apart to him, without sale, they ought not to be taxed with costs of the balance of the proceedings, embracing the sale; but that these costs should be paid by the parties whose shares, not being set apart and allotted, had to be sold under the proceedings for partition.

In the opinion of a majority of this court, the Circuit Court decided properly. The amendatory act of 1847, regulating suits for partition, declares, in section 2, " In all cases of partition arising under the above act, (that is, the act of 1845,) the necessary expense attending such partition, together with a reasonable attorney's fee, to be assessed by the judge of the court before whom partition is had, shall be equally taxed against all persons interested in such partition, in proportion to their respective interests therein." (Sess. Acts of 1847, p. 106.)

The 29th section of act concerning partition, (R. C. 1845,) declares that, " Whenever the commissioners report that they have set off a part only of the shares, according to the division ordered, and such report is confirmed, only that part of the land which is not set off to any party shall be sold, and the proceeds apportioned among the parties to whom no land has been allotted, and the costs of the proceedings shall be paid by the parties in proportion to their respective shares in the land which is the subject of the proceedings."

Under these sections, we think the costs must be borne by all the persons interested in the land, which is the subject of the proceedings; not those only whose shares have not been allotted, but whose interest was supposed susceptible of division by means of a sale only. Sale in such cases must be considered as one of the modes of partition, and it would be very hard to let most of the costs of the proceedings be paid by those whose shares were not set off, but had to be sold. It is more consonant with our notion of right and justice that the burden of partition be equally upon all interested.

Few subjects of legal proceedings have ever caused more regret in the minds of the judge than those arising under our partition laws. The rights of infants have, under these partition proceedings, generally given way, and, in some instances, been entirely lost sight of. This process has been resorted to as a way to force the lands belonging, in part, to infants and minors, into sale, and often happens to the great injury of these persons ; yet, there is no adequate remedy. Whenever the commissioners report that the lands cannot be divided, then the party who really wanted the sale at first insists, urgently, for the order of sale ; the court makes it, and a consequent sacrifice of infants' rights and property succeeds.

However, this subject is more properly one of legislative correction. I barely mention it, that the courts may endeavor, as far as practicable, to protect the infant's property from sale and loss, and, unless when compelled by thorough conviction of the deliberate judgment of the commissioners, that the property cannot be divided without sale, never to grant such order.

The judgment below is affirmed.

Scott, Judge. In my opinion, the word "proceedings," in the 29th section of the act concerning partition, relates to the sale which is ordered after a confirmation of the report of the commissioners, and does not refer to the entire procedure in partition. The 22d section of the act concerning costs had already made provision for the general costs in suits for partition, and it was not necessary again to repeat it. The same remark is applicable to the 40th section of the same act, and that, if any thing, shows more clearly that the sale was the only thing contemplated by the word "proceedings." As those whose lands are set off and not sold are usually minors, who, in all probability, will have to make a partition by a sale afterwards, it would not be just to tax them with the costs of two suits.

The act amendatory of the act concerning partition, approved January 25, 1847, does not, in my opinion, affect this ques-

tion. That act seems to have had its origin in a want of the knowledge of the existence of the section in the act concerning costs in partition.