## LILES, Respondent, v. LILES et al., Appellants.

**St. Louis Court of Appeals, February 4, 1908.**

1. **PARTITION: Attorney's Fees.** This case was before the Court of Appeals on a former appeal (116 Mo. App. 413) where it was held that a verbal agreement between an attorney, who filed a partition suit, and his client, that he should receive a reasonable fee to be fixed by the court, was sufficient to authorize the court to allow and tax as costs a fee, and where it was further held that compensation should not be allowed, and taxed as costs, for an attorney bringing a partition suit for services rendered on contested issues in which he acts against the interest of the defendant.

2. ———: ———: **Motion to Retax Cost.** Where an attorney's services in a partition suit in which there were contested issues were shown to be worth $250 and the court allowed him $200, it was evident that the trial judge deducted fifty dollars for services on the contested issues and the allowance of $200 in such case was proper, and in such case the allowance was not objectionable on the ground that the said attorney had not prevented the allowance of improper cost, claimed by the commissioners, where it was not shown that the court had approved such costs.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Charles Martin* for appellants.

*Norton, Avery & Young* for respondent.

BLAND, P. J.—The appeal is from an order of the Lincoln Circuit Court, allowing the law firm of Norton, Avery & Young a fee of $200 for their services in bringing and prosecuting a partition suit to a final termination. Robert M. Liles was the plaintiff in said suit and David Liles et al. were defendants. The suit was to partition 297 acres of land valued at about $4,000. Partition was in kind and was made by commissioners appointed by the court for that purpose. It appears from the evidence there was a mortgage on the land for about $445, which was brought into court for adjudication in the partition suit. A controversy arose over the amount the several parties to the suit should pay on this mortgage which was finally settled on an appeal to the Supreme Court from the judgment of the circuit court, taken by defendants. Mr. Avery of the firm of Norton, Avery & Young, prepared the petition and tried the case in the circuit court, followed it to the Supreme Court and supervised the preparation of the report of the commissioners. It appears that each commissioner, in his bill of costs, asked $2.50 a day for his services and

$1 a day for his expenses while engaged in making partition. It also appears that the county surveyor of Lincoln county was one of the commissioners and that he, in addition to $2.50 per day asked for his services as commissioner, also claimed $5 per day for his services as surveyor. The charges were in excess of what is allowed by law. The firm of Norton, Avery & Young took no steps to cut down the excessive charges of the commissioners and surveyor. However, a motion was filed by Mr. Martin, representing defendants, to retax the costs and it seems that on his motion these costs were properly taxed by the court. The evidence shows that $250 would be a reasonable attorney's fee for the services rendered by Mr. Avery representing his firm. He testified that he had a verbal agreement with plaintiff in the partition suit that the court might fix and allow a reasonable attorney's fee.

The court gave the following declarations of law at the instance of defendants:

"1.   If the court believes from the evidence in the case, that in the suit of Robert Liles v. David Liles et al., the defense made by the defendants was made in good faith, then the plaintiff's attorneys, Norton, Avery & Young, are not entitled to have allowed a fee to be taxed as costs for their services rendered in said partition suit upon such contested issues.

"2.   And the court further instructs that if it appears from the evidence that plaintiff's attorneys, Norton, Avery & Young, upon the former hearing of this motion, claimed $250 as full compensation for all services rendered by them in said partition suit, including services rendered on the contested issues therein, then such claims should be reduced in proportion as the services rendered by them on such contested issues bears to the whole services rendered in said partition suit."

This case was here on a former appeal (116 Mo. App. 413). We then held that a verbal agreement be-

tween an attorney, who files a partition suit, and his client, that the attorney should receive a reasonable fee to be fixed by the court, was sufficient to authorize the court to fix the fee. We further held that compensation allowed plaintiff's attorney in a partition suit should not be taxed as costs on contested issues in which he acts against the interest of the defendant in the suit, and that the value of Mr. Avery's services in attempting to saddle the whole of the mortgage on defendants should not be taxed as costs in the case. Declaration of law No. 2 given by the court was evidently given to cover this feature of the case.

Defendants contend that Mr. Avery was negligent in failing to take any steps to prevent the taxation of the improvident costs claimed by the commissioner and county surveyor. It is not shown that these costs had been allowed by the court. Such costs can only be taxed after they have been approved by the court, and it was the duty of the court to inspect the bills presented by the commissioners before approving them and ordering them taxed as costs. This duty the court doubtless would have performed without a motion calling his attention to the matter, hence we do not see how Mr. Avery can be convicted of negligence in the circumstances related. The amount claimed as attorney's fees was $250; the court allowed but $200. The judge evidently deducted $50 as representing the value of Mr. Avery's services in respect to the mortgage. Under all the evidence we think the allowance a reasonable one, and affirm the judgment. All concur.