## JOHN O. ERNST, Respondent, v. FRED ERNST et al., Appellants.

**Kansas City Court of Appeals, December 6, 1915.**

1. **PARTITION: Attorneys' Fee:    Agreement.** In a suit in partition an attorney's fee may be allowed by the court though there was no agreement for a fee, or that the court might fix upon an amount for a fee.

2. **———: ———: Share: Contest: Interest.** An attorney for the plaintiff in a partition suit cannot be allowed any part of his fee out of the share of a party whose interests such attorney contests.

3. **———: ———: Lienor Defendant: Fee: Apportionment.** Where one of the defendants in a suit in partition has advanced money in the payment of a mortgage and taxes against the estate and seeks, by his answer, to fasten a lien on the estate for such advancements, and the attorney bringing the suit contests the lien, for the other parties in interest (plaintiffs and defendants) the court should not include any of such labor in fixing the part of the attorneys' fee against the lienor. But such labor should be considered in ascertaining the amount of the fee to be assessed against the other parties.

4. **———: ———: ———: Sale: Adjustment of Fee.** A defendant in a partition suit claimed a lien against the estate for money advanced to pay a mortgage, taxes and necessary repairs. The other parties, to the suit contested the lien and the court allowed it. The land could not be divided and it was ordered to be sold. The defendant lienor, bought it at the sale. It was held that he should pay as part of the costs, the parts of the attorneys' fee due from the shares of the other parties whose interests he purchased.

5. **———: Conflicting Interests: Attorney.** An attorney cannot represent the party plaintiff in bringing a suit in partition and at the same time represent  defendants, if the parties are contesting and are claiming antagonistic interests.

Appeal from Buchanan Circuit Court.—*Hon. Wm. H. Haynes*, judge.

REVISED AND REMANDED.

*Culver & Phillip* for appellants.

*Shull, Thompson & Griswold* for respondent.

ELLISON, P. J.—A suit in partition styled Ernst v. Ernst et al., was brought in Buchanan County by Thompson, Griswold and Thompson associated with S. S. Shull, as attorneys for John Ernst. There was a judgment that the property could not be divided and it was ordered to be sold by the sheriff. Defendant, Fred Ernst, bought it at that sale. In due course, these attorneys asked the court for an allowance of attorneys' fees as a part of the costs in the case. The court allowed them $350 and defendant, Fred Ernst appealed.

The facts, as we gather them from the record, are that the action was brought by these attorneys for plaintiff John P. Ernst against Fred Ernst and several other heirs of their ancestor, Charles F. Ernst, who died several years prior to the institution of the suit, leaving a mortgage lien against the real estate here involved. Besides this lien there were numerous tax items, general and special, against the property. To protect the estate defendant, Fred, advanced the money to pay the mortgage and taxes as well as for some needed repairs, the aggregate sum so advanced being $6811.10. Fred set up this in an answer and asked a judgment enforcing his claim for that sum.

After his father's death plaintiff, John, gave his note for $350 to one Turner and executed a mortgage on his undivided interest in the estate to secure it, and Ivanora B. Shull, who is the wife of the attorney of that name mentioned above, bought the note of Turner. She was made a party defendant to the partition suit and answered setting up her claim against John's interest, asking that it be declared a lien. The court gave judgment for partition, providing for the enforcement of defendant Fred's lien and for Mrs. Shull's as a second lien; but found that the property could not be divided in kind and therefore ordered it sold by the sheriff. It was sold and defendant, Fred, bought it for $6800, being a few dollars less than his lien claim.

When defendant, Fred, set up his lien claim for the advancements aforesaid, plaintiff, John, and the other heirs, through these attorneys filed a reply denying the claim and *contesting* it on the ground that it was void under the Statute of Frauds, and that it was barred by the Statute of Limitations. Besides it seems that Fred was examined as a witness by these attorneys in a spirit of antagonism to him.

Defendant Fred attacks the trial court's allowance of a fee to these attorneys on the ground, in substance, that they were his antagonists—that they fought his interest and are now seeking to make him pay their fee when they did not render him any service. Judging from the argument for defendant, he entertains the idea that since he bought the land and since the attorneys' fee will come out of the land, it amounts to forcing him to pay for his opponents' effort to defeat his interests.

The law is, that while the plaintiff's attorneys in a partition suit may ask the court to tax a fee for them as costs against the entire property partitioned; and may do so even where there has been no contract for a fee. [Donaldson v. Allen, 213 Mo. 293; Forsee v. McGuire, 109 Mo. App. 701.] Yet this law is based upon the idea that the attorney has acted for the benefit of all the parties in interest in the entire estate. Therefore services which such attorney may render on contested and antagonistic issues, are valuable to those whose interests are being served and should not be included in the allowance against all of the interests in the suit. [Liles v. Liles, 116 Mo. App. 413, 426.]

Applying the law to the particular facts of this case we find from the record that these attorneys contested defendant Fred's lien claim. That a great part of their service was against him (Shull's testimony tends to show that was their principal labor) and compensation therefor should not be included in the estimate of his share of the costs to be paid out of his share

of the property. But compensation for that part of their work should be included in the estimate of the share of the costs due from all the others; since it was to their interest that Fred's lien be contested and disallowed unless they admitted or confessed it. And the fact that it happened, in this case, that defendant, Fred, bought the property at the sheriff's sale in partition and therefore will have to pay the attorneys' fee and all other costs should not influence this view. For these attorneys in fighting Fred's lien claim were serving *all* the heirs but him—they were acting in the interest of the estate and he was claiming against the estate by endeavoring to fasten his lien upon it. So when Fred bought in the land, he bought it, as a stranger would, subject to the costs including this attorneys' fee.

In view of the foregoing statement of the law and the further rule that one will not be allowed to serve antagonistic interests, there might have arisen a complication in the case that would have called for consideration. As already stated, attorney Shull was one of the attorneys who brought the suit in partition and is one participating in the allowance of the fee in controversy; at the same time he appears as attorney for his wife in her claim of a lien against the interest of plaintiff John. But as no reply was filed by plaintiff John, to her separate answer setting up her lien, and no objection seems to have been made, we take it to have been confessed and that all parties, entitled to object, acquiesced in Shull's position. But in no event should Shull's services for his wife be considered in fixing the fee against the estate. In this connection we will say that we have noted the suggestion that these attorneys did not antagonize defendant Fred, nor contest his claim and that they "handled him with gloves." The record is against them on that point. The record shows an application for an attorney's fee for services "in partitioning said property." The evidence shows, as

has been already stated, that a great part of these services consisted in examining the law and in contesting the lien claimed by defendant, Fred. Yet the entire fee is assessed against all the parties, which amounts to an adjudication that Fred shall help to pay for the contest made against him. We think such finding is against the law and the evidence as stated in the motion for new trial.

The face of the record showing that the fee allowed was not ascertained on the theory herein held to be correct, the judgment will be reversed and the cause remanded. All concur.