EMMETT E. JENNINGS, RESPONDENT, v. J. C. JENNINGS ET AL., DEFENDANTS; BEVERLY PITTS, TRUSTEE, APPELLANT.—33 S. W. (2d) 165.

Kansas City Court of Appeals. December 1, 1930.

*Don C. Carter* for respondent.

*Harris, Price & Alexander* and *Brown, Douglas & Brown* for appellant.

BLAND, J.—This is an appeal from the judgment of the court taxing costs in a partition suit.

The facts show that plaintiff, with certain of the defendants who are his brother and two sisters, was the owner of two hundred acres of land in Boone County; that on May 18, 1929, plaintiff filed a bill in equity in the court below in which he sought, among other things, to have said real estate partitioned and sold. The defendant, Beverly Pitts, trustee, hereinafter called the appellant, was a holder of a deed of trust upon the property. This deed of trust was dated March 31, 1923, and secured a note in the sum of $6,000, with five and a half per cent interest per annum, due April 1, 1928. No part of this note had been paid at the time of the institution of this suit. Plaintiff sought in his bill to have said deed of trust, as to his six-twenty-fifth interest in said real estate, declared null and void and that the cloud cast upon his title by said deed of trust be removed. It was alleged in the bill that the deed of trust was void because, when it was executed, plaintiff was insane and under guardianship and that his guardian signed the deed of trust without any order from the probate court.

There was another deed of trust upon the property, junior to that of appellant's, securing a note in the sum of $2585.30 made in favor of the defendant Rowland as trustee for the defendant Dawson. This deed of trust was dated March 26, 1928, and was executed by all of the owners of the property. The petition alleged that this was a valid and subsisting lien against the real estate and asked that it be paid out of the proceeds of the sale.

The answer of the appellant consisted of a general denial. It also pleaded facts tending to show that appellant's deed of trust

was a valid and subsisting lien upon the land and prayed that if the property be sold that appellant be paid in full out of the proceeds of the sale before the payment of any other claims. The suit was contested solely by the appellant.

The court found the issue, as to the validity of the deed of trust, against plaintiff because it was shown in the evidence that after its execution he had been restored to his sanity and while sane had signed an extension agreement extending the deed of trust. This, the court held, was a ratification of the act of his guardian in executing the deed. The court adjudged that the deed of trust was a first lien upon all of the real estate, including plaintiff's interest.

The court also found that the deed of trust in the sum of $2585.30 was a valid and subsisting lien and adjudged the interest of the other parties to the cause. The court then decreed partition among the parties, found that the land could not be divided in kind and ordered the sheriff to sell it. Thereafter the sheriff filed his report of sale showing, among other things, that the land was sold to appellant for $4,500, he being the highest bidder. The report of the sale also showed court costs, including commission of the sheriff, amounting to $106.43. The court approved the report of the sale and allowed Honorable Don C. Carter, plaintiff's attorney, a fee of $225 and five dollars to William H. Tandy for his services as guardian *ad litem,* and ordered that, after the payment of the costs, including the attorney's and guardian's fees, the sheriff distribute the remaining proceeds of the sale among the parties entitled thereto according to their respective interests as ascertained and determined in the interlocutory decree of partition.

Appellant filed a motion for a new trial, which was overruled, and he has appealed.

Although there is no formal assignment of error in appellant's brief we gather from it that his contention is that the court erred in adjudging that the attorney's fee allowed be paid out of the proceeds of the sale of the land. Appellant admits that, where partition is for the benefit of all interested in the land, it is proper that each interested party pay his or her share of the costs. However, appellant argues that, as the amount due upon his deed of trust was in the neighborhood of $6800 and the land brought only $4500 at the sale, the sale was of no benefit to appellant; that plaintiff and his attorney both knew the value of the land when they filed this suit and knew that at a forced sale it would not liquidate the amount of appellant's deed of trust, yet, they instituted this suit knowing that it could not in any way benefit plaintiff; that the suit was vigorously contested by appellant; that he did not desire a partition, and above all he did not desire that the amount of his mortgage lien be reduced which has resulted by reason of the fact that the property brought at partition sale less than the amount

of the mortgage and the court has adjudged attorney's fees be paid out of the amount realized at the sale before applying anything upon appellant's deed of trust; that appellant was successful in his defense, save that partition was decreed and costs and attorney's fees were allowed out of the proceeds, and that, under the circumstances, plaintiff, having substantially failed to prevail in the case, should be adjudged to pay all of the costs.

Section 2045, Revised Statutes 1919, provides:

"The judge of the court in which any suit under this article may be brought shall allow a reasonable fee to the attorney or attorneys bringing the suit, and may in like manner make a reasonable allowance to guardians *ad litem* when appointed, which fee and allowances shall be taxed and paid as other costs in the case."

Section 1710, Revised Statutes 1919, provides:

"In all cases founded on the statutes concerning the partition of lands, the costs shall be paid by the parties plaintiff and defendant, according to their respective interests in the lands which may be the subject of the proceedings; and the court shall render judgment against each party for his or her share of such costs. If the lands, or any part thereof, be sold in partition, then the costs adjudged against the party or parties whose interests shall be sold shall be paid out of the proceeds of such sale; and against all parties to such proceedings among whom partition shall be made in kind, an execution may issue, and shall be levied on the lands, tenements, goods and chattels of each party to such proceedings, whose share is set off in kind: *Provided*, that no lands, tenements, goods or chattels shall be levied upon and sold, under and by virtue of such execution, except for the satisfaction of such part of said costs as may be adjudged against the owner thereof."

It is well settled in this State that, under our statute, counsel, bringing a partition suit, is entitled to a reasonable allowance for his services to be taxed as costs against the entire property partitioned but that no allowance is to be made for his services in contested matters between the parties to the suit; that the allowance is for such work as counsel would do in an ordinary non-contested partition suit. [Parish v. Treadway, 267 Mo. 91, 103; Liles v. Liles, 129 Mo. App. 117; Ernst v. Ernst, 192 Mo. App. 256.] The allowance of such a fee "is based upon the idea that the attorney has acted for the benefit of all parties interested in the entire estate." [Ernst v. Ernst, supra, l. c. 258.] There is no claim that the attorney's fee allowed by the court covered anything but services of the attorney in the partition suit proper.

Appellant in contending that he was not benefited by the partition, has misconstrued the meaning of the word "benefit" as used in the Ernst and other cases. That word is not used in the sense of a party being benefited by the bringing of the suit itself. It is

not a question as to whether or not a party is benefited by the bringing of the suit. A co-tenant in land has a right to bring such a suit and, consequently, defendants and the other persons interested in the land cannot prevent it. After the suit is brought all of those interested in the land are materially benefited by the legal services of a competent attorney who sees that the proceedings are properly brought to a conclusion. The right to have the attorneys fees paid first out of the proceeds of the sale, before the parties interested in the land are paid, does not depend upon whether the bringing of the suit was of benefit to appellant. [Tanner v. Tanner, 199 Mo. App. 145, 150, 151.] The decisions use the word "benefit" in distinguishing between that part of the services of the attorneys in bringing the suit which are rendered in ordinary non-contested partition suits and that part which is rendered in an effort to contest the right of any other party or parties in the property. For the reason that the attorney's services in contesting such right are of no benefit to those whose rights he contests it would be unjust to allow any attorney's fee to be assessed as costs in such a way as to require the adversary to pay any part of the same. The plain inference from these cases is that all services, except in contested matters, rendered by the attorney are for the benefit of all of the parties interested. Of course, where the parties are unable to prevent the partition it is to their interest that the proceedings be properly conducted. Therefore, in a legal sense, appellant was benefited by these proceedings.

Appellant, in effect, claims that plaintiff and his attorney knew when they instituted this suit that his deed of trust was a valid one and, in view of the fact that it and the other deed of trust amounted to more than the value of the land, which appellant also asserts that plaintiff knew prior to the bringing of the suit, the suit was vexatiously brought and, therefore, no attorney's fee should be allowed. There is no question in the case of vexation in the institution of this suit for the reason that no such defense was pleaded. [49 C. J. pp. 279-802; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50.] In addition to this, while there was a vigorous defense made upon the question of the validity of appellant's deed of trust, we think that a fair reading of the record shows there was none upon the question of partition. While the answer of appellant contains a general denial there was no evidence introduced in the case except upon the question of the validity of appellant's deed of trust. There was no objection of any character made to the interlocutory decree of partition and appellant did not raise any question in reference to same in his motion for a new trial. Under the circumstances it can be fairly said that the matter of plaintiff's right to partition was not an issue. [Davidson v. Transit Co., 211 Mo. 325, 355-361.] There is no question but that plaintiff prevailed on the issue of partition.

We have examined the case of Appleman v. Appleman, 140 Mo. 309, cited by the appellant and find it not in point. In that case the costs were taxed against the plaintiff because he lost the suit, it being held that he had no interest in the land subject to partition. [See Realty Co. v. Trust Co., 176 Mo. App. 260, 267.]

It is insisted that where real estate is subject to a mortgage or deed of trust, and the land is sold at partition sale free from the mortgage, the mortgagee must be paid before deducting the costs, including attorney's fees, and that the effect of allowing costs and attorney's fees in this case to be paid out of the proceeds of the sale of the property is to require appellant to pay such costs as the proceeds of the sale were less than his mortgage. In support of this contention appellant cites a number of foreign cases and some Encyclopaedias (sec. 21 Am. and Eng. Ency. of Law, p. 1213; 47 C. J., pp. 603, 608), which tend to support him but none of these authorities purport to construe a statute similar to ours and none of them cite any Missouri case as authority for its statement of the law in respect to the matter.

We think that the point now made by appellant was substantially decided against his contention in the case of Ernst v. Ernst, supra. In that case plaintiff's attorney attempted to contest the right of Fred Ernst, one of the defendants, in the land. Fred Ernst was one of the heirs interested in the property and to protect the estate he advanced money to pay a mortgage, taxes and needed repairs. At the sale Fred Ernst bid in the property for less than the amount he had advanced. The court said l. c. 259; that when Fred Ernst "bought in the land he bought it as a stranger would, subject to costs, including this attorney's fee." The court held that no allowance should be made to plaintiff's attorney for his services rendered on the contested and antagonistic issues and remanded the case so that the trial court could eliminate such part of the allowance that had been made for attorney's fees in contested matters. The court held, in effect, that Fred Ernst should pay his proportionate part of the value of the attorney's fee in the partition suit proper.

However, appellant contends that the Ernst case is not in point because the court found that Fred Ernst was not entitled to a lien prior to the costs because it was not shown that "he held an assignment of the mortgage." There is not a suggestion in the opinion to uphold such a theory. The opinion does not state whether Fred Ernst, when he advanced the money to pay the mortgage, took an assignment of the mortgage. This, no doubt, was not stated for the reason that whether he did or not was immaterial. It is well settled that a co-tenant who redeems a mortgage has a lien upon the land for the money he has advanced. [Mahoney v. Nevins, 190 Mo. 360; Funk v. Seehorn, 99 Mo. App. 587, 594, 595.] In fact the opinion holds that said defendant had a lien upon the land for the amount of

money he had advanced and that this lien was subject to the costs, including attorney's fees for the handling of the partition proceeding proper.

We think that the decision in the Ernst case was undoubtedly correct under our statute. Section 2045, Revised Statutes 1919, provides for allowance of attorneys fees which shall be taxed and paid as other costs in the case. Section 1710, Revised Statutes 1919, provides that the costs shall be paid by the parties plaintiff and defendant according to their respective interest in the land which may be the subject of the proceedings. Appellant was a proper party to this proceeding. [Byars v. Howe, 311 Mo. 14, 22; Becker v. Stroeber, 117 Mo. 306; Harbison v. Sanford, 90 Mo. 477; Rhinehardt v. Wendeck, 40 Mo. 577.] Section 2038, Revised Statutes 1919, directs how the proceeds of the sale shall be divided. It provides that the court shall direct the sheriff to pay the costs and expenses of the proceedings to the parties entitled thereto and the remainder to the parties interested according to their respective rights. "The object of the allowance to counsel bringing the suit is to charge the whole estate with the costs, as the proceedings are for the benefit of all parties interested in the land." [Whitsett v. Wamack, 95 Mo. App. 296, 300.] [See, also, Bank v. King, 73 Mo. 590; Draper v. Draper, 29 Mo. 1; Cooper v. Garesche, 21 Mo. 151.] The statute makes no exception in the matter of the allowance of attorneys fees where the holder of a mortgage or deed of trust is a party to the proceeding, and we are authorized to make none. The judgment of the trial court in taxing costs in this case must be upheld.

Appellant contends that the judgment of the lower court in taxing costs is violative of section 14, article 1, of the constitution of the United States, in that it deprives appellant of his property without due process of law; that while he is not attacking the constitutionality of sections 2045 and 1710, to uphold this judgment "is to attach to constitutional statutes an unconstitutional construction." A constitutional question is thus attempted to be injected into the case for the first time in this court. No such point was raised in the motion for new trial or any where else in the court below. The point, if timely and properly raised, would deprive us of jurisdiction of the case and require us to transfer it to the Supreme Court of this State, but the point is not so raised. Under such circumstances there is no constitutional point in the case. [First National Bank v. Foster, 271 S. W. 536; City of Ferguson v. Steffen, 300 S. W. 1039; Kansas City v. Casualty Co., 219 Mo. 283.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.