**Marian L. KLAMBERG, Plaintiff-Respondent-Appellant,**

v.

**Edward L. KLAMBERG, Defendant-Appellant-Respondent.**

**Nos. 33808, 33809 and 33817.**

St. Louis Court of Appeals, Missouri.

Nov. 24, 1970.

Hale W. Brown and A. L. Tidlund, Kirkwood, John J. Collins, Clayton, for plaintiff-respondent-appellant.

Ziercher, Tzinberg, Human & Michenfelder, by Robert C. Jones, Clayton, George W. Hecker, St. Louis, for defendant-appellant-respondent.

CLEMENS, Commissioner.

These three appeals stem from a partition suit. The first appeal, Number 33–808, is by defendant Edward Klamberg and concerns a $600 fee allowed each of three commissioners appointed to make partition in kind. The second and third appeals concern a post-trial order allowing plaintiff's attorney a $3,710 fee, from which order both plaintiff and defendant appealed. Mr. Klamberg's appeal is Number 33–809

and Mrs. Klamberg's is Number 33–817. The three appeals have been consolidated.

The partition suit concerned a 70-acre tract in St. Louis County owned as an estate by the entirety by plaintiff Marian L. Klamberg and defendant Edward L. Klamberg before their divorce in 1961. Among other contentions Mr. Klamberg sought specific performance of an agreement by Mrs. Klamberg to sell him a two-acre parcel out of the 70-acre tract; he further contends the rest of the land should be partitioned in kind. The trial court found both these issues against Mr. Klamberg and he appealed to the Supreme Court since the specific performance issue involved title to real estate. Before submitting that appeal, however, Mr. and Mrs. Klamberg agreed upon and effected a partition in kind. The only issue then left in the case was Mr. Klamberg's contention that the trial court had improperly allowed fees to the three commissioners. Since all other issues were moot the Supreme Court transferred Mr. Klamberg's appeal to this court.

We first consider Mr. Klamberg's transferred appeal, Number 33–808, and relate the facts pertinent to the commissioners' fees.

The parties clashed at trial on the issue of partition in kind and pursuant to § 528.-200 and Civil Rule 96.20[1] the trial court appointed three commissioners to determine how the land should be divided. The commissioners' comprehensive report shows they gave notice, minutely examined the land and abutting tracts, determined applicable zoning regulations, considered available roadways and utilities, the highest and best use of the land, and concluded it could not be fairly divided in kind since "the value of the entire property, intact and undivided, exceeds the combined value of its two prospective parts if divided." The trial court followed the commissioners' recommendation, decreed partition by public sale, and allowed each commissioner a $600 fee.

■ Mr. Klamberg challenges that allowance on two grounds. First, since he favored partition in kind and opposed partition by sale he should bear no part of the fees. Thus Mr. Klamberg is insisting he should be relieved of his share of the commissioners' fees because their conclusion differed from his. He cites no authority to support his contention and we consider it frivolous.

Mr. Klamberg's main attack is that the fee allowances are void because the trial court did not follow § 528.220 and Civil Rule 96.22 which say that commissioners are entitled to receive "for every day they shall be employed in effecting such division such sum or compensation as may be determined and fixed by the court; * * *" Mr. Klamberg contends the allowance should be set aside because the record fails to show a judicial determination of the amount of compensation for each day the commissioners served. That contention might have some substance if the statute and rule were mandatory instead of directory.

The statute's essence is that the trial court determines reasonable compensation for commissioners; it sets out a mode of procedure for computing that amount. Provisions of a statute which merely direct a mode of procedure are not generally considered essential to the validity of the proceeding. State ex inf. Attorney General ex rel. Lincoln v. Bird, 295 Mo. 344, 244 S.W. 938[3]; State ex inf. Mitchell, Prosecuting Attorney, ex rel. Goodman v. Heath, 345 Mo. 226, 132 S.W.2d 1001[2].

■ We hold that the statute and rule are directory, not mandatory. The trial court judicially determined that each commissioner's fee should be $600. That was the essence of the thing to be done. We cannot say that finding was void merely

1. All section numbers refer to RSMo 1969, V.A.M.S., and rule numbers refer to Rules of Civil Procedure, V.A.M.R.

because the record fails to show the arithmetic used by the court in reaching its conclusion. The point is denied.

The order whereby commissioners John P. King, Martin E. Juncker and Lester Liebmann each were allowed a fee of $600, appeal Number 33-808, is affirmed, and costs of appeal are taxed against Defendant Edward L. Klamberg.

As said, after decreeing partition the trial court allowed plaintiff's attorney A. L. Tidlund a $3,710 fee, to be taxed as costs and charged equally against each party. Both Mr. and Mrs. Klamberg appealed from that order. We first consider his appeal, Number 33-809.

■ Mr. Klamberg contends he should not have to bear half of Mr. Tidlund's fee since the bulk of his work was for the sole benefit of Mrs. Klamberg on contested issues, not for services performed for their mutual benefit. As will be seen in more detail, legal services rendered for a partition plaintiff on contested issues and for the plaintiff's sole benefit should not be charged against the defendant.

This principle requires us to mark out the contested issues and the nature of Mr. Tidlund's legal services. A previous property settlement set the course of the partition contest.

In 1961 the Klambergs owned a 70-acre tract of rough land, unimproved except for a dwelling on a two-acre cleared tract in one corner, the only access to the land being at that corner. Anticipating divorce, the Klambergs made a property settlement. Its essential terms giving rise to contested issues in the partition suit: The land, except the two-acre tract, was to be sold; Mr. Klamberg was given an option to buy the two acres. The sale proceeds were to be divided equally, subject to these charges: Mr. Klamberg agreed to loan Mrs. Klamberg $125 a month until the land was sold, to be repaid out of her share of the sale proceeds; Mr. Klamberg agreed to pay Mrs. Klamberg $950 out of the sale proceeds for her half-interest in cattle and timber he had sold.

By her petition for partition, filed four years after the divorce, Mrs. Klamberg pleaded only that she and Mr. Klamberg were tenants in common, that the land could not be divided in kind, and prayed that it be sold and the proceeds divided. Mr. Klamberg answered, pleading that the land could be fairly divided in kind; that he had an option to buy the two-acre tract; that since the divorce he had paid all taxes, insurance, interest and maintenance expense on the property; and had loaned Mrs. Klamberg $2,468 according to their property settlement. Mr. Klamberg prayed that these amounts be charged against Mrs. Klamberg's undivided interest. She did not reply, thereby denying his affirmative allegations. (Civil Rules 55.01 and 55.11).

These pleaded issues were fully developed at trial. Five witnesses, lay and expert, testified pro and con about whether the land could be fairly divided in kind. Also, Mr. Klamberg introduced evidence on the amounts he had paid for taxes, insurance, interest and maintenance and the amount he had loaned Mrs. Klamberg. Mr. Klamberg had occupied the dwelling since the divorce, and although Mrs. Klamberg had not pleaded rental as an offset she introduced evidence, without objection, of reasonable rental value. She also testified the $950 item was unpaid.

After submission the trial court ruled specifically on the contested issues. The decree denied Mr. Klamberg's claim to specific performance of his option to buy the two-acre homesite and further denied his claim for maintenance expense. But the court decreed that Mr. Klamberg was entitled to reimbursement for taxes, insurance and interest and for money loaned his wife. Against this gross charge in Mr. Klamberg's favor the court decreed his interest in the land was chargeable with half the rental value plus the $950 debt due Mrs. Klamberg. Balancing these charges, the court decreed Mrs. Klamberg was entitled to a half interest in the land less $2,-

505.47 and Mr. Klamberg was entitled to a half interest in the land plus $2,505.47.

By this interlocutory decree the court appointed commissioners to make partition in kind. They reported the land could not be so divided. The court then appointed a special commissioner and ordered him to sell the land at public sale. Mr. Klamberg appealed to this court, challenging the fee allowed Mrs. Klamberg's attorney.

From this recitation of the proceedings it is clear much of Mr. Tidlund's services concerned contested issues. The prime issue was whether the land should be divided in kind or sold. Also at issue were Mr. Klamberg's claim for specific performance and his claim to be reimbursed for taxes, insurance, interest and maintenance expense, and for his $2,468 loan to Mrs. Klamberg. Also contested were Mrs. Klamberg's claim for offsets for half the rental value and his $950 debt to her. We referred earlier to the proposition that not all services rendered by a partition plaintiff's attorney are chargeable against the interest of both parties.

Section 528.530 and Civil Rule 96.51, coupled with § 514.220 and Civil Rule 77.-21, declare that in partition suits the court shall allow a reasonable fee to the attorney bringing the suit, to be taxed as costs and charged against the parties in proportion to their respective interests.

This section was first construed in the landmark case of Liles v. Liles, 116 Mo. App. 413, 91 S.W. 983[2]. There, as here, the defendants claimed a lien against the plaintiff's interest for money defendants had spent for taxes, encumbrances and repairs. The trial court allowed a fee for plaintiff's attorney's services, to be taxed as costs. On appeal the defendants contended they should not be charged for any part of the fee connected with contested issues. The court agreed, in four-step reasoning: (1) The statute's purpose is to partly relieve plaintiff from the expense of employing a lawyer to bring partition;

this, since the legal services benefit all the owners; (2) but when the litigation is controversial the reason for so apportioning the fee fails because then the plaintiff's lawyer is opposing rather than serving the defendant's interest; (3) therefore a fee for legal services rendered for the mutual benefit of all parties should be apportioned among the parties, but services rendered for the plaintiff's exclusive benefit should be paid for by the plaintiff alone; (4) otherwise, the defendant would unfairly be compelled to pay for hostility and attack, rather than for aid. In reversing the fee allowance the court acknowledged that plaintiff's attorney had performed some mutually beneficial services, such as they would have had to do in a friendly suit, and declared that to that extent only should the defendants contribute to the fee of plaintiff's attorney.

A chain of cases has followed *Liles*. In Donaldson v. Allen, 213 Mo. 293, 111 S.W. 1128, the court cited *Liles* for the proposition that the allowed fee should be restricted to the "partition proper" and not extended to payment for "services on incidental issues." The facts in Ernst v. Ernst, 192 Mo.App. 256, 182 S.W. 103, parallel both our case and *Liles*. The court said that assessing the plaintiff's attorney's fee against all parties would compel the defendant to help pay for contesting his own claim. Citing *Liles*, the court remanded the Ernst case for redetermination of the fee allowable to attorneys, saying, "* * * services which such attorney may render on contested and antagonistic issues are valuable to those whose interests are being served, and should not be included in the allowance against all the interests in the suit." The reasoning in *Liles* was followed in Arthaud v. McFerrin, Mo., 156 S.W.2d 641[1–5]: "* * * because parties not receiving any benefit should not be compelled to pay for it, fee allowances should only be made for such work as would be required in an uncontested suit and not for services in other contested

matters between the parties." We followed this "uncontested suit" measure in fixing the fee in Haley v. Horwitz, Mo. App., 290 S.W.2d 414[1–3], and we adhere to it here.

To escape this well-rooted principle Mrs. Klamberg cites Munday v. Thielecke, Mo., 290 S.W.2d 88. There, the defendant had no bona fide defense but nonetheless vexatiously, laboriously and fruitlessly contested every step of the case, attempted to appeal from interim orders and was even jailed for contempt. On appeal the defendant sought to invoke the general rule but the court held the defendant's misconduct had brought on the additional work, declared an exception to the general rule, and told defendant "the time has come to pay the fiddler." The Munday case is not in point.

■ The trial court strayed from the proper path in setting Mr. Tidlund's fee. At the after-trial hearing Mr. Tidlund presented no motion for his fee but referred orally to the general request for a fee in the petition for partition. To support his claim Mr. Tidlund introduced Exhibit 1, time sheets kept on his services "which pertain to the partition suit." The listed items spanned a year and a half of litigation. Mr. Tidlund did not explain how the items were related to "such work as would be required in an uncontested suit and not for services in other contested matters between the parties." (Arthaud v. McFerrin, supra). The exhibit has not been lodged in this court and we can only guess about which items were properly allowable. The transcript does show most of Mr. Tidlund's work-sheet items concerned Mrs. Klamberg's rights and obligations under the property settlement which Mr. Klamberg had interposed in defense; also conferences concerning Mrs. Klamberg's need for money, her right to child support, and efforts to sell the land through a realtor. These items do not appear to be chargeable against Mr. Klamberg's interest in the land.

In sum, the record does not support the $3,710 fee allowed Mr. Tidlund. Nor does the sketchy record permit us to make a proper determination.

The decree of February 13, 1970, insofar as it allows a fee to A. L. Tidlund, Mrs. Klamberg's attorney, is reversed and remanded for a rehearing to determine the fee allowable in accordance with the views stated herein. Costs of this appeal, Number 33–809, are to be taxed against plaintiff Marian L. Klamberg.

■ We now consider Mrs. Klamberg's appeal from the order allowing Mr. Tidlund's fee, Number 33–817. In her after-trial motion she contended the $3,710 attorney fee was excessive. But in her brief she abandons this point, now contending to the contrary the fee is reasonable and is chargeable against both her and Mr. Klamberg's interests in the land. Her brief is, in effect, a respondent's brief challenging Mr. Klamberg's contentions; she now asks that the fee allowance be affirmed. Thus, Mrs. Klamberg's brief preserves nothing for review and for reasons previously stated the judgment as to attorney's fee is reversed and remanded. Costs of Mrs. Klamberg's appeal are taxed against her.

To summarize our rulings: 1) The order whereby commissioners John P. King, Martin E. Juncker and Lester Liebmann were each allowed a fee of $600, appeal Number 33–808, is affirmed; and costs of appeal are taxed against defendant Edward L. Klamberg; 2) the decree of February 13, 1970, insofar as it allows a fee to A. L. Tidlund, Mrs. Klamberg's attorney, is reversed and remanded for a rehearing to determine the fee allowable in accordance with the views stated herein; costs of appeals Numbers 33–809 and 33–817 are taxed against plaintiff Marian L. Klamberg.

**PER CURIAM:**

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. 1) The order whereby Commissioners John P. King, Martin E. Juncker and Lester Liebmann were each allowed a fee of $600, appeal Number 33–808, is affirmed, and costs of appeal are taxed against defendant Edward L. Klamberg; 2) the decree of February 13, 1970, insofar as it allows a fee to A. L. Tidlund, Mrs. Klamberg's attorney, is reversed and remanded for a rehearing to determine the fee allowable in accordance with the views stated herein; costs of appeals Numbers 33–809 and 33–817 are taxed against plaintiff Marian L. Klamberg.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.