**Harry RICHARDS, Plaintiff-Respondent,**

**v.**

**Rudolph William STUCKENBERG et al., etc., Defendants,**

**Jerome W. Sidel, Trustee in Bankruptcy for Rudolph William Stuckenberg, Defendant-Appellant.**

**No. 34049.**

Missouri Court of Appeals, St. Louis District.

March 7, 1972.

Curtis L. Mann, Edward J. Karfeld, St. Louis, for defendant-appellant.

Charles H. Rehm, Clayton, for plaintiff-respondent.

Erwin Tzinberg, Special Commissioner, Clayton.

VERNON W. MEYER, Special Judge.

Defendant Jerome W. Sidel, Trustee of the Estate of Rudolph William Stucken-berg, Bankrupt, appeals from an order and judgment of the trial court, entered in a partition suit filed under Chapter 528, RSMo 1969, V.A.M.S.[1], allowing an attorney's fee to counsel for plaintiff. We affirm.

Defendant's brief in this court presented only one issue. His single "Points and Authorities" reads in its entirety as follows: "The Court Erred in Allowing an Attorney's Fee to the Attorney for the Plaintiff in a Partition Suit where There Was No Deadlock or Other Reason for Bringing the Partition Suit, and Thus No Common Benefit Was Conferred by Bringing Such Suit." Necessarily, we limit our decision to a consideration of this point. Pruellage v. DeSeaton Corporation, Mo., 380 S.W.2d 403. We refer only to those parts of the transcript of the record bearing on plaintiff's Point.

It is undisputed that plaintiff and defendant became owners as tenants in common of certain real estate situated in St. Louis County. Plaintiff was represented by Attorney Charles Rehm and the defendant by Attorney Curtis Mann.

Much correspondence flowed between Rehm and Mann. It need not be detailed. In effect, Mann advised Rehm that the Trustee was anxious to sell his interest in the real estate and asked if plaintiff would like to purchase Trustee's interest and, if so, for what sum; and if plaintiff was not interested in purchasing Trustee's interest, would he join in listing the property for sale to the end that the sale proceeds could be divided between plaintiff and Trustee; on being advised by Rehm on August 25, 1969, that he had filed a partition suit, Mann expressed the willingness of the Trustee to participate in a joint listing with a real estate company, to agree to a private sale at an acceptable figure (subject to court approval) and to participate in a public sale (subject to court approval). Mann urged Rehm to consult with plaintiff to learn how the property might be dis-

---

1. All statutory references, unless otherwise indicated, are to RSMo 1969.

posed of and agreed to cooperate in every way and welcomed Rehm's idea with respect to any method he had not thought of; he expressed the view that it was his duty to his client and to the Bankruptcy Court to resist burdening the Bankruptcy estate with the expenses of a partition suit where there did not seem to be any disagreement between the parties.

Rehm responded, in effect, that the action he had taken in filing suit was in his professional opinion in the interests of plaintiff, that plaintiff, an attorney, felt the action was desirable to protect his interest, and that it was Rehm's professional opinion that they had every right to take the action they did. He further replied that while no good purpose would result from speculation whether the court costs in a partition suit would be greater than the usual ten per cent real estate commission, the former definitely had the advantage of bringing about the ultimate sale of the real estate; and that if, while suit was pending, a mutually satisfactory disposition of the property, or the Trustee's interest in it, could be made, the suit could be dismissed.

On August 28, 1969, plaintiff filed a suit in partition praying that the partition of the real estate in question be made between the parties plaintiff and defendant, according to their respective interests therein, and, if partition in kind could not be made without great prejudice to the owners, that the same be ordered sold and the proceeds divided among all said parties in proportion and according to their respective interests and for such other and further orders, decrees and relief as to the court seemed meet and proper in the cause.

Thereafter, upon the petition of the Trustee for instructions relating to the pending litigation, the Referee in Bankruptcy authorized the Trustee to enter his appearance in said litigation and to participate in said proceedings for the benefit of the bankruptcy estate; in accordance with such authorization, Trustee filed his separate answer to plaintiff's petition alleging that the defendant was then and had at all times been willing and able to join in the partition of the real estate in kind; that the defendant was then and had at all times been willing to join in the sale of the real estate in question and the division of the net proceeds of sale, to the end that one-half thereof be paid over to the defendant and the other one-half thereof be paid over to the plaintiff, all subject, however, to the order and approval of the Bankruptcy Court of the Eastern Judicial District of Missouri.

During the course of the trial, the parties stipulated that the real estate in question did not lend itself to partition in kind.

On March 6, 1970, the trial court entered its interlocutory judgment in partition wherein it found the allegations in plaintiff's petition to be true and that plaintiff and defendant were each entitled to an undivided one-half interest as tenants in common to the real estate in question; it ordered the property sold and the proceeds of the sale, after allowance of all court approved expenses, to be partitioned between the parties according to their respective interests.

On April 23, 1970, the duly appointed Commissioner filed his report of sale.

On April 24, 1970, Rehm filed his claim for attorney's fees in the sum of $1,400.00 and for allowance of $21.80 for expenses, alleging the sale of the real estate for $29,000.00 and detailing the efforts he expended.

On May 4, 1970, Mann filed an application for attorney's fees in the sum of $472.00, contending that he brought the partition suit by bringing before the court one of the necessary parties to the action, i. e., the Trustee.

On May 18, 1970, a hearing was held on the applications for fees, supplemented by an affidavit filed by Mann on September 28, 1970.

On October 1, 1970, the court entered its order and judgment allowing Rehm as a fee the sum of $1,400.00 and the sum of $21.80 for expenses.

On October 12, 1970, defendant filed a motion for a new trial, complaining of the court's allowance of a fee and expenses to Rehm and refusing to allow a fee to Mann.

On November 13, 1970, defendant filed his notice of appeal "from the Judgment of October 1, 1970 allowing attorney's fees of $1,400.00 to the attorney for Plaintiff and from the Order denying Defendant's motion for a new trial entered on the 4th day of November, 1970."

■ Not having been briefed, so much of the trial court's order and judgment failing to allow Mann an attorney's fee is considered to have been abandoned. Pruellage v. DeSeaton Corporation, supra, Mo., 380 S.W.2d 403.

The sections of the statutes with which we are concerned are:

Section 528.030: "In all cases where lands, tenements or hereditaments are held in * * *, tenancy in common, * * * it shall be lawful for any one or more of the parties interested therein, * * *, to file a petition in the circuit court of the proper county, asking for the admeasurement and setting off of any dower interest therein, if any, and for the partition of the remainder, if the same can be done without great prejudice to the parties in interest; and if not, then for a sale of the premises, and a division of the proceeds thereof among all of the parties, according to their respective rights and interests."

Section 528.530: "The judge of the court in which any suit under this chapter may be brought shall allow a reasonable fee to the attorney or attorneys bringing the suit, and may in like manner make a reasonable allowance to guardian ad litem when appointed, which fee and allowances shall be taxed and paid as other costs in the case."

Defendant does not question the reasonableness of the fee allowed plaintiff's attorney in the light of the efforts he expended. The gist of his argument is that Section 528.030 was not created as a means to dispose of property *where there is no dispute, where the parties are not deadlocked;* that where there is no dispute or deadlock there is no common benefit, and where there is no common benefit defendant should not be required to contribute to the fee of plaintiff's counsel.

■ ■ Section 528.030 is clear and unambiguous. In construing a statute, the primary rule to be applied is to ascertain and give effect to the legislative intent from what the Legislature said and not from what things the Legislature intended to say or inadvertently failed to say. We have no right to read into the statute the conditions precedent of a dispute or of a deadlock the defendant would have us impose. Plaintiff was therefore clearly within his rights in bringing the suit.

Section 528.530 is equally clear and unambiguous. Under its terms, the trial court properly allowed Rehm's fee, the reasonableness of the amount of which is not disputed.

We find ample support for our position in frequently cited Jennings v. Jennings, Mo.App., 225 Mo.App. 1010, 33 S.W.2d 165. In Jennings, appellant-mortgagee, holder of a mortgage lien for an amount greater than the sum realized at the partition sale, contended that the mortgagee must be paid before deducting the costs, including attorneys' fees, and further contended that to award attorneys' fees out of the proceeds of the sale would be to require the mortgagee to pay them since the proceeds

of the sale were less than the mortgage. In refusing this contention the court held "It is well settled in this state that, under our statute, counsel, bringing a partition suit, is entitled to a reasonable allowance for his services to be taxed as costs against the entire property partitioned but that no allowance is to be made for his services in contested matters between the parties to the suit; that the allowance is for such work as counsel would do in an ordinary noncontested partition suit. * * * Appellant, in contending that he was not benefited by the partition, has misconstrued the meaning of the word 'benefit' * * *. That word is not used in the sense of a party being benefited by the bringing of the suit itself. It is not a question as to whether or not a party is benefited by the bringing of the suit. A co-tenant in land has a right to bring such a suit and, consequently, defendants and the other parties interested in the land cannot prevent it. After the suit is brought all of those interested in the land are materially benefited by the legal services of a competent attorney who sees that the proceedings are properly brought to a conclusion. The right to have the attorney's fees paid first out of the proceeds of the sale, before the parties interested in the land are paid, does not depend upon whether the bringing of the suit was of benefit to appellant. * * * The decisions use the word 'benefit' in distinguishing between that part of the services of the attorneys in bringing the suit which are rendered in ordinary non-contested partition suits and that part which is rendered in an effort to contest the right of any other party or parties in the property."

We consider the services rendered by Rehm to be comparable to those performed by counsel in an ordinary non-contested partition suit.

Accordingly, we affirm the order and judgment of the trial court.

BRADY, C. J., and DOWD, J., concur.