**Alfa ELVIN, Plaintiff-Appellant,**

v.

**CITY OF KANSAS CITY, Missouri,
Defendant-Respondent.**

**No. KCD 29312.**

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer
Denied Jan. 31, 1979.

Albert A. Riederer, Kansas City, for plaintiff-appellant.

Aaron A. Wilson, City Atty., Barbara A. Schenkenberg, Asst. City Atty., Kansas City, for defendant-respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action by widow of fire fighter to recover for accrued sick leave benefits provided by ordinance of city-employer, Kansas City. Trial court found for city. Widow appeals.

On January 6, 1971, Oscar Elvin, a fire fighter employed by the City of Kansas City, was fatally injured while fighting a fire. Oscar Elvin was a permanent employee of the city and had been employed for more than six months at the time of his death.

Alfa Elvin, widow of Oscar, applied to the city for payment of accrued wages, sick leave and vacation time of her husband. Oscar had accrued 1451 hours of sick leave. The city paid Alfa $1797.62, which included $1117.34 for sick leave. The city computed the sick leave payment on the basis of one fourth of the accumulated sick leave.

Alfa, contending that she should have received sick leave payment for 50% of her husband's accumulated leave, brought this action against the city to recover an additional $1117.34. The case was submitted to the circuit court on stipulated facts. That court found in favor of the city.

The question here presented is whether the court below correctly construed and applied Section A8.18(d) of the Administrative Code of the City of Kansas City. The provision in question provided:

"(d) Conversion.

"Upon separation from the service, employees who have at least six (6) months of continuous service may convert accrued sick leave credit at the ratio of four (4) hours of sick leave credit to one hour of vacation leave credit. Employees who qualify for and retire with a normal retirement or with line-of-duty disability pension, shall convert accrued sick leave credit at the ratio of two (2) hours of sick leave credit to one hour of vacation leave credit."

Appellant contends that she was entitled to receive benefits under the second sentence, under which she would be entitled to the benefit of the 50% conversion rather that the 25% rate under the first sentence.

Appellant acknowledges the obvious fact that the ordinance did not by its terms specifically spell out which conversion rate should be applied in the case of death of a fire fighter in the line of duty. Appellant argues that, if her husband had been less seriously injured, had lived and been retired with a disability pension, his accrued leave benefit would have converted on the 50% basis. She argues that it is only fair and logical to convert at the same ratio in the event of death in the line of duty. She invokes the principle stated in *State ex rel. Jackson County v. Spradling*, 522 S.W.2d 788, 791[1–4] (Mo. banc 1975):

" 'In determining the meaning of an ordinance * * * the courts generally seek to ascertain the intention of the lawmakers by giving the words used their ordinary meaning, by considering the entire act and its purposes, and by seeking to avoid unjust, absurd, unreasonable, confiscatory or oppressive results.' "

In that case, the court held that language susceptible of alternative constructions, one of which would have abrogated as to first class charter counties, the long-established policy of equal sharing by the state with all counties of the cost of assessing property for taxation, should not be so construed, particularly when there was no indication that the legislature intended to discriminate against such counties.

■ The problem with application of the holding of that case in the present situation is that there is no evidence of a long-established municipal policy in Kansas City which would shed light on the issue under consideration. Appellant does point out that by a subsequent amendment, enacted after this case arose, the conversion of unused sick leave at a two to one ratio for employees "who die while active employees" was expressly provided by the amended ordinance. Although subsequent legislative action may be looked to in attempting to ascertain "the established policy of the legislature as disclosed by a general course of legislation" (*State ex rel. Jackson County v. Spradling*, supra), the language of the enactment under consideration is the basic guide to a court in its construction of the enactment. "In construing a statute, the primary rule to be applied is to ascertain and give effect to the legislative intent from what the Legislature said and not from what things the Legislature intended to say or inadvertently failed to say." *Richards v. Stuckenberg*, 478 S.W.2d 405, 408[2, 3] (Mo.App.1972). The subsequent more detailed categorization of benefits under the ordinance here in question is of significance insofar as the previous ordinance is concerned only insofar as the language of the latter can properly be found to admit of a construction consistent with the subsequent enactment.

■ Here, the ordinance under construction placed the recipients of accrued sick leave conversion benefits in two categories: 1. Employees separated from the service having at least six months of continuous service. 2. Employees qualifying for and retiring with normal retirement or line-of-duty disability pension. Appellant's husband received neither normal retirement nor line-of-duty pension. To place him in that category would require the court, under the guise of construction, to add to that category persons dying in the line of duty. Inasmuch as the ordinance did provide a category covering such a person as appellant's husband, this court cannot substitute its idea of logic or justice to alter the classification found in the ordinance. The appellant's husband was separated from the service and did have six months' continuous service. The appellant has received the benefits accorded persons in that category. The trial court properly concluded that appellant had received the benefits to which she was entitled.

Judgment affirmed.

All concur.