**JONES et al. v. WATTS et al.**
No. 10860.

Circuit Court of Appeals, Fifth Circuit.
May 8, 1944.

Rehearing Denied June 5, 1944.

Bennett B. Patterson, of Houston, Tex., for appellants.

W. F. Leigh, Asst. U. S. Atty., of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

In this appeal we face the question, What is the remedy to stop the enforcement of a money judgment in favor of the United States which is asserted to be void for want of any service on the defendants?

In March, 1932, an automobile belonging to appellant S. M. Jones was seized because intoxicating liquor was being transported therein by one Holt. Jones gave bond, with appellant Wm. H. Jones and another as sureties, for the forthcoming of the automobile at the trial. Holt pleaded guilty and imposition of sentence was suspended. No judgment forfeiting the car appears to have been taken under 27 U.S.C.A. § 40 as the law then was. Suit, however, was instituted by the United States upon the bond, and the record shows an entry by the Deputy Marshal of service, as we read it, on each of the appellants, and a third defendant now deceased. Appellants, however, contend that under a decision of a Texas Court of Civil Appeals, Mahan v. McManus, 102 S. W. 789, the entry is insufficient to show who was served. No appearance was made, and on May 27, 1933, judgment was

taken by default in favor of the United States for the penalty of the bond, the judgment reciting due service. Execution was issued but not collected. On April 14, 1942, appellants filed a formal suit against the United States in which they prayed that the judgment be cancelled and annulled, and for general legal and equitable relief, the grounds put forward being that there was in fact no liability on the bond and the judgment was entered by mistake and accident, that there was no service of citation upon either of them, and the Marshal's return of service was insufficient on its face to support the judgment by default. The United States appeared and moved to dismiss this suit on the ground that it was an original suit, and the Sovereign had not consented to be thus sued. This motion was sustained on the authority of Zegura v. United States, 5 Cir., 104 F.2d 34. The plaintiffs obtained leave of the Court to amend the suit into one against the Clerk of the Court and the Marshal, omitting the United States as a party. This was done, and the amended bill took the form of a bill in equity to remove the cloud of the judgment from the title to their property, averring the absence of any remedy at law. The prayers were enlarged to ask the cancellation of the judgment and the removal of its cloud and also injunction against issuing or enforcing any writs of execution, garnishment or attachment based on the judgment. The Clerk and Marshal moved to dismiss because the United States was a necessary party to the grant of the relief prayed and not amenable to suit, and there was no cause of action alleged against themselves warranting the relief sought. The Court without deciding the motion to dismiss heard the case on an answer denying most of the allegations, and gave judgment for the defendants. The plaintiffs appeal.

■ We think the suit rightly failed, but that it should have been disposed of on the motion to dismiss rather than by a trial. The judgment and its lien belong to the United States, and the persons who happen to be the Clerk of Court and the Marshal have no interest in it. If the United States makes a proper request to the Clerk for an execution he must issue it, and on like request the Marshal must levy. They have no duty to defend the judgment, and its validity cannot be affected by litigation with them. To enjoin the court's officers from performing their official duties with respect to the judgment would paralyze it and destroy its value. We think it plain that the United States is an indispensable party, and the Clerk and Marshal, who have done and purpose to do nothing but their official duty, are not proper parties to be sued.

■■ But appellants say in reply that would be to leave them without any remedy, and their property is clouded and may be sold without due process of law through a void judgment. We agree that a personal judgment for money cannot be rendered, and is void, if the court rendering it has not acquired jurisdiction of the defendant by a lawful service, unless service is waived by appearance or otherwise. If these appellants can by proper and sufficient evidence show that they were never served they are entitled to a remedy. An ancient remedy in courts of law was by audita querela in the court which rendered the judgment, and without limit of time. In modern practice this procedure has been substituted by motion in the cause, with notice, or by statutory remedies. 5 Am.Jur., Audita Querela, pages 491, 494; 7 C.J.S., Audita Querela, § 1, page 1278. The use of a motion to question jurisdiction over the defendant's person was referred to as familiar practice nearly a century ago in Landes v. Brant, 10 How. 348, at page 371, 13 L.Ed. 449. In Harris v. Hardeman, 14 How. 334, 14 L.Ed. 444, the validity of a service to sustain a money judgment by default was in question, as here, and an application to quash the proceedings on the execution and annul the judgment was made eleven years after its rendition. 14 How. at page 338, 14 L.Ed. 444. The court strongly stated the invalidity of such a judgment rendered without due service and concluded its opinion with these words (14 How. at page 345, 14 L.Ed. 444): "At the time of the motion to the Circuit Court to quash the forthcoming bond and set aside the judgment by default, that judgment was still unsatisfied, and was in process of execution, and the forthcoming bond * * * was properly a part of the process of execution. * * * The proceedings then, still being as it were in fieri, and not terminated, it was competent for the court to rectify any irregularity which might have occurred in the progress of the cause, and to do this either by writ of error coram nobis, or by audita querela * * *. If this position be maintainable,

then there would seem to be an entire removal of all exception to the judgment of the Circuit Court, as it is believed to be the settled modern practice, that in all instances in which irregularities could formerly be corrected upon a writ of error coram nobis or audita querela, the same objects may be effected by motion to the court, as a mode more simple, more expeditious, and less fruitful of difficulty and expense." The annulment of the judgment on motion was affirmed.

 In present day practice the validity of money judgments which are in execution may be tested in three ways: (1) By motion to quash, 33 C.J.S., Executions, § 143, subsecs. a, c; § 144. Notice is to be given the opposite parties: Id. § 144, subsec. e. (2) Affidavt of Illegality, under Statutes, 33 C.J.S., Executions, §§ 147, 148. (3) Injunction, by a suit in equity, 33 C.J.S., Executions, § 151 and ff. The last-mentioned remedy is probably not available against the United States, for want of consent to be sued. There is no applicable statute to support an affidavit of illegality. But the remedy by motion in the cause is available. The Rules of Civil Procedure, which now govern, favor the use of motions in substitution of the old remedial writs. Rule 81(b), 28 U.S.C.A. following section 723c. The original suit having been instituted by the United States, and the court's power being still invoked to reap the fruit of the judgment by execution, the United States is still present as a party. It is well settled that when government invokes the aid of the court as a litigant it stands as any other litigant, with the same obligation to give effect to the rights of the person sued. It cannot ask the court to render a judgment or to enforce it without submitting itself to do justice. It is subject to the motion under discussion, like any other plaintiff would be. Service of the motion, since the United States is represented before the court by the district attorney, may be made upon him under Rule 5(a) (b), or if that service be doubted, a more elaborate service as of an original summons might be made under Rule 4(d) (4). There is no need to seek a remedy in equity, or even by a formal separate action, as has been attempted in this case.

Having reached the conclusion that the petition should be dismissed, we have no concern with the merits of the case. We suggest, however, that on the question of proper service in 1933, the case of Shepard

v. Adams, 168 U.S. 618, 18 S.Ct. 214, 42 L.Ed. 602, may throw some light on the application of State law under the Conformity Act, 28 U.S.C.A. § 724.

Entering the judgment which should have been entered, we set aside the decree on the merits and sustain the motion to dismiss, without prejudice to any remedy by motion which appellants may seek against the United States. No costs of appeal are allowed.