Jack H. POLLYEA and Anne Pollyea
(Plaintiffs) Respondents,

v.

Sam E. GRODSKY and Flora G. Grodsky,
his wife; Maurice J. Ross; Maury Grod-
sky; Bess Grodsky; Joseph B. Bronstein
and Ida Bronstein, his wife, Defendants,
United States of America, Intervenor (De-
fendant) Appellant.

No. 29975.

St. Louis Court of Appeals.

Missouri.

July 8, 1958.

Motion to Transfer to Supreme Court
Denied Aug. 8, 1958.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Robert Coe, Dept. of Justice, Washington, D. C., Harry Richards, U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, for U. S.

Morris A. Shenker, Owen Jackson, St. Louis, for Sam Grodsky et al.

Julius A. Razovsky, St. Louis, for Maurice Ross et al.

Edward A. Dubinsky, Sidney W. Horwitz, Dubinsky & Duggan, John J. Bantle, Sp. Comm., St. Louis, for respondents.

HOUSER, Commissioner.

This is an action for partition of real estate, filed in the Circuit Court of the City of St. Louis under the provisions of § 528.030 et seq. This appeal was taken by intervenor United States of America from an order allowing $2,300 attorney's fees and the taxing of the same as costs.

In March, 1953 federal income taxes in amounts in excess of $2,300 each were assessed against Jack, Sam and Maury and recorded. Jack, Sam and Maury and three other individuals each owned an undivided ⅙ interest in the real estate in question. After accrual and perfection of the federal tax liens Jack and wife brought this action in partition, naming Sam, Maury, the owners of the other three interests, their spouses, and the United States of America, as defendants. The prayer of the petition was for partition, admeasurement of dower interests, and

"that the interests of the defendant United States be determined and set off, and that if partition cannot be made in kind, that said land may be sold and the proceeds, after satisfaction of Liens, if any, and the Claims or Liens of the defendant United States of America, be ordered paid, and that the division of the proceeds be made between the plaintiffs and the defendants according to the respective rights, claims or liens of the parties * *."

On its motion the Government was dismissed as a party defendant and permitted to file a petition and claim as an intervenor. In its intervening petition the Government prayed for a determination by the court that it had valid liens on the property; that Jack, Sam and Maury were indebted to it in the amount of those liens plus interest, and for an order that the proceeds of the sale representing the interests of Jack, Sam and Maury be applied in payment of their several debts to the Government. The interlocutory decree in partition found and declared the ⅙ interests of the six owners of the real estate, including Jack, Sam and Maury, found that the Government had perfected tax liens against those three, and that the Government was entitled from the sale and partition of the real estate "to apply the proceeds from the interest of * * *

(Jack, Sam and Maury) to the payment * * * of the indebtedness" of the three owing to the Government, and ordered the land sold. The special commissioner appointed by the court sold the property. The report of sale was filed and approved. Over the Government's objection the court sustained the application of the special commissioner for an order of distribution allowing a fee of $2,300 to plaintiffs' attorney and a fee of $1,575 to the special commissioner, to be paid from the amount derived from the sale, as "costs and expenses". After ordering payment of all costs and expenses the balance of $27,321.-66 was ordered distributed six ways. The sums due Jack, Sam and Maury were ordered paid to the Government to the credit of their respective accounts.

On this appeal the *amount* of the award to the attorney is not challenged and the *propriety* of the award to the commissioner is not contested. The sole question is whether the court erred in allowing an attorney's fee payable out of the gross proceeds of the partition sale, in view of the 'fact that three of the six interests sold were impressed with a federal tax lien. In short, is a specific, perfected federal tax lien to be enforced against the *gross* or the *net* proceeds of a sale in partition?

■ The Government had a specific, perfected lien upon the interests of Jack, Sam and Maury in the real estate by virtue of 26 U.S.C.A. (I.R.C.1939) § 3670; 6A F.C.A., Title 26, § 3670, which imposes a lien in favor of the United States upon "all property and rights to property, whether real or personal, belonging to such person" liable to pay the tax. The Government had several available remedies for the enforcement of its lien: by executive distraint and sale, I.R.C.1954, § 6331 et seq.; 26 U.S.C.A. § 6331 et seq.; Regs., § 301.6331 et seq.; by civil action in a district court of the United States to enforce the lien, I.R.C.1954, § 7403(a); 26 U.S.C.A. § 7403(a), or by resorting to the courts of a state in which the property

sought to be subjected to the lien is located. 30 Am.Jur., Internal Revenue, § 243. The Government chose to secure an adjudication and enforcement of its lien rights in the state court partition proceeding. Not content with its status as a defendant in that case, the Government, on its own motion, was permitted to file an intervening petition. Thus the Government, a party to the proceeding, submitted itself to the jurisdiction of the court and prayed for certain relief in the partition proceeding. When the sovereign invokes the aid of a court it must submit to the application of the same principles, The Paquete Habana, 189 U.S. 453, 23 S.Ct. 593, 47 L.Ed. 900; United States v. The Nuestra Senora De Regla, 108 U.S. 92, 2 S.Ct. 287, 27 L.Ed. 662, and abide by the same rules, American Alliance Ins. Co, v. Mitchell, Mo.App., 299 S.W.2d 536, which bind and govern other litigants.

■ Granting that the Government's lien upon the real estate arose prior to the filing of the partition action, the ultimate question is what "property or right to property" the Government's lien attached to after the conversion of the real estate into a sum of money. It is not a question of priorities as between the federal tax lien and an attorney's lien, but what constitutes "property or right to property" within the meaning of the federal tax lien statute. While questions of relative priorities between federal tax lien and other liens and claims are questions to be decided by federal law, United States v. Waddill, Holland & Flinn, 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294, the determination of what constitutes property or rights to property is primarily a matter of state law. "State law creates legal interests and rights." Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 626, 60 S. Ct. 424, 426, 84 L.Ed. 585, 1035; United States v. Dallas Nat. Bank, 5 Cir., 152 F.2d 582; United States v. Winnett, 9 Cir., 165 F.2d 149.

Section 528.460 RSMo 1949, V.A.M.S., relating to the proceeds of a partition sale,

provides that the court shall direct the payment

> "of all the costs and expenses of the proceedings, * * * to the parties entitled thereto, and the remainder to the parties in interest * * * according to their respective rights, as ascertained by the judgment of the court."

Section 514.220 RSMo 1949, V.A.M.S., relating to the adjudication of costs in partition cases, provides that in such cases the costs shall be paid by the parties plaintiff and defendant,

> "according to their respective interests in the lands which may be the subject of the proceedings; and the court shall render judgment against each party for his or her share of such costs. If the lands * * * be sold in partition, then the costs adjudged against the party or parties whose interests shall be sold shall be paid out of the proceeds of such sale * * *."

**■■** Section 528.530 RSMo 1949, V. A.M.S., relating to the allowance of an attorney's fee in partition cases, provides that the judge

> "shall allow a reasonable fee to the attorney * * * bringing the suit, * * * which fee * * * shall be taxed and paid as other costs in the case."

Section 528.530, supra, places the taxing and payment of attorney's fees in the same category as costs, which are to be "paid first out of the proceeds of the sale." Jennings v. Jennings, 225 Mo.App. 1010, 33 S.W.2d 165, loc.cit. 167. The costs and expenses of a partition proceeding, including attorney's fees, constitute a first charge on the proceeds of the sale. The "proceeds" of the sale are not the *gross* proceeds received by the sheriff from the sale of the lands, but are the *net* proceeds after payment of the costs and expenses incurred

in the partition proceeding. Young v. Young, Mo.Sup., 175 S.W. 585; Foeste v. Keesee, 235 Mo.App. 521, 138 S.W.2d 700.

In Jennings, appellant-mortgagee, holder of a mortgage lien for an amount greater than the sum realized at the partition sale (just as in the instant situation the federal tax lien exceeded the amount realized at the sale), contended that the mortgagee must be paid before deducting the costs, including attorney's fees, and further contended that to award attorney's fees out of the proceeds of the sale would be to require the mortgagee to pay them, since the proceeds of the sale were less than the mortgage. The court rejected this contention, holding that the object of an allowance to attorneys bringing the suit is to charge the whole estate with the costs, and that no statutory exception is made in cases where a mortgage holder is a party to the suit. And see Ernst v. Ernst, 192 Mo.App. 256, 182 S.W. 103.

**■■** Absent a lien, the taxpayers each had a right to his proportionate share of the net proceeds of the sale after payment of costs and expenses, including attorney's fees. That is the extent, and the *limit,* of the right of the Government, as the holder of a lien. The rights of the Government are no greater and can rise no higher than the rights of the taxpayers Jack, Sam and Maury. United States v. Warren R. Co., 2 Cir., 1942, 127 F.2d 134; Karno-Smith Company v. Maloney, 3 Cir., 1940, 112 F.2d 690; United States v. Winnett, supra; McGraw & Company v. Sherman Plastering Co., D.C.Conn.1943, 60 F.Supp. 504, affirmed F. H. McGraw & Co. v. Milcor Steel Co., 2 Cir., 1945, 149 F.2d 301; Board of Sup'rs of La. State University v. Hart, 210 La. 78, 26 So.2d 361, 174 A.L.R. 1366; United States v. Yates, Tex.Civ.App. 1947, 204 S.W.2d 399; Spagnuolo v. Bonnet, 1954, 16 N.J. 546, 109 A.2d 623; Highsmith v. Lair, 1955, 44 Cal.2d 298, 281 P.2d 865; United States v. Graham, D.C.S.D. Cal.C.D.1951, 96 F.Supp. 318; United States v. Bank of United States, D.C.N.Y.,

1934, 5 F.Supp. 942; 47 C.J.S. Internal Revenue § 762, p. 994. The tax collector "stands in the shoes of the taxpayer when reaching the taxpayer's property."[1] The burdens of the Government as a party in a partition action are no less than those of the taxpayer-parties. Each taxpayer, as the owner of an undivided interest in realty, is at all times exposed to the possibility of an action in partition by any one of the co-tenants. The burden of paying his proportionate share of the costs of such a proceeding, including attorney's fees, is one of the incidents of such co-tenancy. That burden falls upon the Government when it stands in the shoes of the taxpayer. No statutory exception is made in the matter of the allowance of attorney's fees when the Government, as the holder of a federal tax lien, is a party to the proceeding and we have no authority to engraft any exception in favor of the sovereign.

The Government says, however, that it derived no benefit from the partition sale, inasmuch as it could have foreclosed the liens and conducted its own sale of the interests in this land. The Government, a party, is bound by the applicable rules. As a party interested in the land the Government was "materially benefited by the legal services of a competent attorney who sees that the proceedings are properly brought to a conclusion. * * * in a legal sense, appellant was benefited by these proceedings." Jennings v. Jennings, supra, 33 S.W.2d loc. cit. 167.

The Government places its principal reliance upon United States v. Liverpool & L. & G. Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510; Ford Motor Co. v. Hackart Const. Co., D.C.N.J., 143 F. Supp. 216, and Boston Insurance Co. v. Stubbs (W.D.Wash.), 1956, CCH, para. 9695. In these cases an innocent stakeholder of an existing fund, confronted with rival claims of creditors of the owner of the fund and lien claims of the United States for taxes, brought an interpleader suit to secure an adjudication of the priorities to the fund as between the several claimants. The question was whether property subject to a paramount federal lien could be invaded for the allowance of counsel fees to the stakeholder. We expressed our opinion on that question in American Alliance Ins. Co. v. Mitchell, supra, in favor of the allowance of attorney's fees, but we do not think the interpleader cases control in the instant situation. In interpleader the question is one of priorities as between federal tax liens and garnishment liens, attorneys' liens, etc., in an *existing fund* the amount of which is fixed and ascertained, but which was not produced or realized by the efforts of the attorneys. The "property" consists of a certain, definite fund. Contrariwise, in this partition proceeding the question is not one of priorities in an existing fund. There is no fund. There is land. Before any question of priorities in a fund can arise there must be a fund over which to dispute. Before a fund can come into existence a certain prescribed procedure must be followed. A sum of money must be realized from a sale of the land. In the process of converting land into money by partition and sale certain costs necessarily must be incurred. One indispensable expense (without which a "fund" could not be realized) is the item of fees for attorneys' services, whereby the proceeding is conducted in an orderly and legal manner. By § 528.530, supra, that item is regarded as an item of costs. That and all other statutory costs and allowances must be paid before there is any fixed and ascertained fund or "property" subject to priority claims. The amount of the "property" to which priorities may attach is not a known quantity until the statutory costs and allowances— the expense of realizing the fund—have

1. Federal Tax Liens—Their Nature and Priority, Paul E. Anderson, California Law Review, Vol. 41, p. 241, loc. cit. 250.

been set aside. The only "property" to which a federal lien can attach in this partition proceeding is the *net* proceeds of the sale. In the instant case the claims of the Government and of plaintiff for attorney's fees never came into conflict as rival claims to the same fund, as they did in the interpleader cases, where the "property" to which preference was sought was the gross (not the net) amount of the stake.

 The Government's position is illfounded and inconsistent. The Government objects in the instant case only to the allowance of the attorney's fee, but if its lien is paramount to that item of the costs it would, logically, be paramount to all items of costs. If that be true then the Government lien would supersede and override the clerk's costs, the sheriff's costs, the court reporter's fee, witness fees and the special commissioner's fee. Where the lien was larger than the sale price all such costs would be wiped out. In that event who would pay for the documentary stamps to be attached to the partition deed and who would pay the publisher's fees? The Government is a party to the proceeding. It invokes the processes of the court. It obtains the services of these court officials. By their efforts the land is converted into cash, to the benefit of the Government. Like any other litigant the Government must pay its share of costs and attorney's fees in partition cases in which it intervenes, and is not excused therefrom under the doctrine of superior power.

The order of the circuit court allowing plaintiffs' counsel a fee payable out of the gross proceeds of the partition sale should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The order of the circuit court allowing plaintiffs' counsel a fee payable out of the gross proceeds of the partition sale is, accordingly, affirmed.

RUDDY, P. J., and ANDERSON and WOLFE, JJ., concur.