**E. O. DORSCH ELECTRIC CO., a Corporation (Plaintiff), Respondent,**

v.

**Thomas J. BLONG and Thomas J. Blong, Jr., doing business as Thomas J. Blong Painting Company, Waggener Paint Company, a Corporation (Defendants), United States of America (Intervenor), Appellant.**

No. 30355.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied March 7, 1960.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Louise Foster, Attys., Dept. of Justice, Washington, D. C., Harry Richards, U. S. Atty., and Robert E. Brauer, Asst. U. S. Atty., St. Louis, for appellant.

Robert C. Brinkman, St. Louis, for respondent.

WOLFE, Presiding Judge.

The United States of America prevailed as an intervenor in an interpleader action filed by the E. O. Dorsch Electric Company. The court allowed a fee of $150 to the attorney for the interpleader payable out of the sum paid into court, and the United States of America has ap-

pealed solely for the purpose of reversing the action of the trial court in awarding the attorney's fee mentioned.

E. O. Dorsch Electric Company, plaintiff, was served with a summons of garnishee, garnisheeing all sums owing by it to Thomas J. Blong and Thomas J. Blong, Jr., doing business as Thomas J. Blong Painting Company. The garnishment ran in favor of Waggener Paint Company. Interrogatories were filed, to which the garnishee answered, and while the garnishment proceeding was still pending there was served upon garnishee E. O. Dorsch Electric Company, a notice of levy by the United States Treasury Department, Internal Revenue Service, for taxes owed by the Blong Painting Company to the United States of America. The E. O. Dorsch Electric Company then filed this action in interpleader stating that it owed the Thomas J. Blong Painting Company $930.36, and tendering the sum into court. It joined all of the interested parties, including the United States of America. The action as to the United States of America was dismissed upon its motion, and upon another motion immediately filed it was permitted to intervene and assert its claim upon the tax lien.

Upon hearing, a decree was entered, the pertinent parts of which are as follows:

"That plaintiff E. O. Dorsch Electric Company, a corporation, pay into the registry of this Court the sum of $930.36 and upon so doing said E. O. Dorsch Electric Company, a corporation, shall be forever released and discharged from any and all liability to defendants Thomas J. Blong and Thomas J. Blong, Jr., doing business as Thomas J. Blong Painting Company, defendant Waggener Paint Company, a corporation, and intervenor United States of America;

"That Robert C. Brinkman, attorney for plaintiff, be and he is hereby allowed the sum of $150.00 as and for legal services rendered to plaintiff E.

O. Dorsch Electric Company, a corporation, and that the Clerk of this Court pay to said Robert C. Brinkman the said sum out of the aforesaid fund of $930.36 when the same is paid into the registry of this Court;

"That the garnishment proceeding styled Waggener Paint Company, a corporation, plaintiff vs. E. O. Dorsch Electric Company, a corporation, garnishee of Thomas J. Blong and Thomas J. Blong, Jr., doing business as Thomas J. Blong Painting Company, being cause No. 27515 of this Court, be and the same is hereby dismissed, with prejudice as to garnishee, E. O. Dorsch Electric Company, a corporation, at the cost of said Waggener Paint Company, a corporation;

"That the Clerk of this Court pay to Intervenor, The United States of America, the balance of the fund so deposited into the registry of this Court, to-wit, the sum of $780.36, less the court costs in this cause, by a check payable to the Internal Revenue Service."

Thereafter the United States of America, intervenor, filed a motion for a new trial, asserting that the court erred in allowing the plaintiff $150 to be paid as attorney's fee out of the sum paid into court. The motion was overruled and, as stated, the sole issue presented by this appeal is whether or not the court properly allowed attorney's fee out of the sum to the attorney for the plaintiff.

■ We had the same question before us in American Alliance Insurance Co. v. Mitchell, Mo.App., 299 S.W.2d 536, and a related question before us in Pollyea v. Grodsky, Mo.App., 315 S.W.2d 460. We stated in both of those cases that where the sovereign government of the United States invokes the aid of a court, it must submit to the same principles which govern other litigants. This has been a long established rule recognized by the Supreme Court of the United States. The Paquete

Habana, 189 U.S. 453, 23 S.Ct. 593, 47 L. Ed. 900; The Nuestra Senora de Regla, 108 U.S. 92, 2 S.Ct. 287, 27 L.Ed. 662. See also Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240.

■ We held in American Alliance Insurance Co. v. Mitchell, supra, that inasmuch as our courts of equity have always exercised inherent jurisdiction to award attorney's fees to an interpleading plaintiff, it was proper to make such an award where the United States Government was a prevailing intervenor.

In that case, as in this, the appellant relies upon United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268. That was a garnishment action which the United States Government entered to assert its right to the funds in the hands of the garnishee. Attorney's fees were allowed, but the Supreme Court held that inasmuch as the Texas statute relating to garnishment did not warrant attorney's fees under the facts there present, the judgment was reversed. In American Alliance Insurance Co. v. Mitchell, supra, we held this to be a simple recognition of the rule that the Government was bound by the law of the forum in which it sought relief, just as any other litigant. The reason for the reversal clearly stated that the law of Texas did not permit the allowance.

At the time the American Alliance case was handed down, we cited R. F. Ball Construction Co. v. Jacobs, D. C., 140 F.Supp. 60, affirmed by the United States Court of Appeals, 239 F.2d 384. That was an interpleader suit and a fee had been allowed for the interpleader's attorney. After our opinion in the American Alliance Insurance Co. case, the Ball case went to the Supreme Court, where it was reversed (United States vs. R. F. Ball Construction Co., Inc., 355 U.S. 587, 78 S.Ct. 442, 443, 2 L.Ed.2d 510). After briefly stating that the judgment was reversed, the court added: "The claim of the interpleader for its cost is controlled by United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247." The Ball case was an action in interpleader brought under Rule 43 of the Texas Rules for Civil Procedure, V.A.M.S. The rule itself does not provide for attorney's fees. It may be that this is what the court had in mind, if, in fact, it did reverse the award of fees by the above quoted language.

We are still of the opinion that United States v. Liverpool & London & Globe Ins. Co. is authority for the allowance of fees against the Government when they would be allowable against any other litigant. We hold that the Government stands as any other party, and that it cannot ask a court to render a judgment or to enforce it without submitting itself to do justice.

The judgment is affirmed.

ANDERSON and RUDDY, JJ., concur.