**Bart B. CHAMBERLAIN, Jr., et al., Plaintiffs,**

v.

**The UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 87–0625–AH.**

United States District Court,
S.D. Alabama, S.D.

July 7, 1988.

Miller, Hamilton, Snider & Odom (Lester M. Bridgeman, Lewis G. Odom, Jr., Michael R. Mills, of counsel), Lyons, Pipes & Cook (G. Sage Lyons, of counsel), Mobile, Ala., for plaintiffs.

Surell Brady, Brian G. Kennedy, Dept. of Justice, Civ. Div., (Theodore A. Miles, Diana D. Clark, Gilbert Renaut, Office of the Solicitor, Dept. of Energy, of counsel), Washington, D.C., for defendants.

## ORDER

HOWARD, District Judge.

This cause is before the Court on "Defendants' Motion to Dismiss Amended Complaint." [1] The Court, having heard oral arguments on the motion on March 7, 1988, and having fully considered the motion, the briefs filed in support of and in opposition to the motion, and all other pertinent briefs in the file, now enters this memorandum opinion and order.

The allegations of the amended complaint are unusually convoluted, but a lengthy recitation of them is unnecessary to resolve defendants' motion to dismiss. For purposes of the motion, the salient allegations and facts may be distilled as follows:

In 1977 plaintiffs herein filed a declaratory action in the Southern District of Alabama ("the *O'Leary* litigation"), seeking both a judicial determination that certain of their 1974 oil dealings were lawful and an injunction against government investigations regarding those dealings. (Amended Complaint, ¶ 12.) The defendants counterclaimed that the plaintiffs' "sale and shipment of crude oil to a Bahamian refinery, followed by the re-importation of an equivalent volume of refined product, constituted a single transaction that was not eligible

for the 'export sale' exemption of the petroleum price controls." (*Id.*, ¶ 16.) The defendants in the *O'Leary* litigation eventually prevailed on their counterclaim, in the sum of several million dollars. The defendants and counter-plaintiffs included the United States and the predecessor of the current Secretary of the Department of Energy, the defendants in this action. Plaintiffs subsequently filed this "independent action" pursuant to Federal Rule of Civil Procedure 60(b),[2] alleging the *O'Leary* judgment was tainted by a fraud on the court perpetrated by the defendants.

Few principles of American law are more firmly established than that "[t]he United States cannot be sued without its consent...." *United States v. Timmons*, 672 F.2d 1373, 1378 (11th Cir.1982).[3] Although Rule 60(b) "does not *limit* the power of a court to entertain an independent action," Fed.R.Civ.P. 60(b) (emphasis added), it in no way compromises or abridges the preexisting jurisdictional bar of sovereign immunity. *United States v. Timmons*, 672 F.2d at 1378.

The parties agree that the sovereign immunity question in this case must be resolved pursuant to *United States v. Timmons*, 672 F.2d 1373 (11th Cir.1982). (Plaintiffs' Responsive Brief in Support of their Motion to Require Sequestration and Preservation of Documents, at 2 n. 1; Transcript of Oral Argument at 31–33; Defendants' Memorandum in Support of Motion to Dismiss, at 4.)[4] In *Timmons*, the United States brought an action for eject-

---

**1.** "Defendant's Motion to Dismiss" was rendered MOOT by plaintiffs' filing of an amended complaint.

**2.** "This rule does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court." Fed.R.Civ.P. 60(b).

**3.** The doctrine of sovereign immunity extends as well to suits against a government officer, unless he is sued in his individual capacity for acts alleged to have been unconstitutional or beyond his statutory power. *State of Florida v. United States Department of Interior,* 768 F.2d 1248, 1251 (11th Cir.1985), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986). Since the Secretary of the Department of Ener-

gy is here sued in his official capacity only, (Amended Complaint, ¶ 6), the bar of sovereign immunity applies equally to both defendants.

**4.** Fifth Circuit cases exist in which the court reached the merits of Rule 60(b) independent actions asserted against defendants who, at first blush, appear protected by sovereign immunity. *See Johnson Waste Materials, Inc. v. Marshall,* 611 F.2d 593 (5th Cir.1980); *Bankers Mortgage Co. v. United States,* 423 F.2d 73 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970). Even assuming that sovereign immunity was potentially available to the governmental defendants therein, the cases do not aid plaintiffs here because it is apparent the governmental defendants did not raise, and therefore waived, the benefit of immunity.

ment against certain defendants, who were the descendants of the landowners from whom the United States had obtained title in the 1940's through condemnation proceedings. The defendants asserted as a defense and a counterclaim that a government agent fraudulently induced their ancestors not to contest the condemnation by representing the government would deed back the land following World War II.

To avoid the bar of res judicata, the defendants sought to characterize these allegations as an independent action under Rule 60(b). The *Timmons* court consequently addressed the defendants' responses to the sovereign immunity problem raised by such a construction of the allegations.

First, the defendants argued that, because the United States filed the action in the same district court that rendered the original condemnation judgment, the present action was essentially ancillary to, and a continuation of, the prior condemnation proceedings, so that no new consent to suit was necessary. 672 F.2d at 1378. The *Timmons* court flatly rejected this argument, relying on binding Fifth Circuit precedent holding that a suit to correct a judgment in a former suit is a new suit, not merely a continuation of the old. *Id.* at 1378–79 (citing *Zegura v. United States*, 104 F.2d 34 (5th Cir.1939)).

In so doing, the Eleventh Circuit rejected the *only* basis for obviating the government's consent to suit in a 60(b) independent action that, as far as the parties' and the Court's research discloses, has ever been accepted by a federal court. *See* 7 J. Moore, *Moore's Federal Practice* ¶ 60.38[1], at 60–398 to –399 (2d ed. 1987). Consequently, plaintiffs focus on the *Timmons* court's discussion of the second sovereign immunity argument raised by the defendants therein. They attempt thereby to demonstrate that the Eleventh Circuit has created a second, heretofore unknown exception to the consent requirement. A close review of *Timmons* and other authorities satisfies the Court that no such exception exists.

The second ground urged by the defendants in *Timmons* was that "the principles of an independent action are used 'defensively.'" 672 F.2d at 1378 (emphasis omitted). The *Timmons* court responded that the defendants' defense and counterclaim of fraudulent inducement was not merely defensive, because the successful assertion of the allegation would "result ... not [in] a mere defeat of the United States' recovery but [in] an award to defendants of affirmative relief." *Id.* at 1379.

Because the *Timmons* court obliquely contrasted the defendants' claim for fraud on the defendants with a claim for fraud on the court, *id.* at 1379, plaintiffs here conclude that the *Timmons* court would construe their claim of fraud on the court as purely "defensive." Consequently, plaintiffs reason, an independent action such as theirs, alleging fraud on the court defensively, needs no consent of the government to proceed. (Plaintiffs' Responsive Brief in Support of Motion to Require Sequestration and Preservation of Documents, at 2 n. 1; Transcript of Oral Argument at 31–33.)

Assuming that plaintiffs' claim of fraud on the court is "defensive" in the sense used by the *Timmons* court, the Eleventh Circuit did not hold, expressly or implicitly, that an independent action based on fraud on the court, even though brought only to prevent the government's recovery, obviates the government's consent to suit.

The argument relative to the supposed "defensive" nature of the defendants' allegations, as phrased by the *Timmons* court, was simply that "no jurisdictional problem exists." 672 F.2d at 1378. No jurisdictional problem exists in at least two situations: (1) when the government's consent to suit is unnecessary; or (2) when the government has supplied its consent by waiving its immunity. Plaintiff here assume the court in *Timmons* was concerned with the former situation, but it is clear the court considered only the latter.

As the *Timmons* court noted, the government waives its sovereign immunity to some extent whenever, as in *Timmons*, it files an action. This waiver, however, is limited to claims arising out of the same transaction or occurrence as the govern-

ment's claim and which seek nothing beyond defeat of the government's claim. *Id.* at 1379–80 (quoting *Frederick v. United States,* 386 F.2d 481, 488 (5th Cir.1967)). Conversely, no waiver of immunity occurs to the extent the counterclaimant seeks an affirmative recovery. *Id.*

The defendants in *Timmons* argued that "the principles of an independent action are used 'defensively,'" *id.* at 1378. They did so to bring their counterclaim within the scope of the waiver of governmental immunity resulting from the government's institution of suit. The very language used to describe the defendants'. contention is virtually identical to that found in Professor Moore's treatise[5] in a passage manifestly unconcerned with the separate issue of the necessity for the government's consent to suit. By showing the defendants' allegations were not truly defensive, the *Timmons* court set the stage for rejecting the defendants' attempt to come within *Frederick.* See *id.* at 1379–80.

Even were the Court to accept plaintiffs' argument that the *Timmons* court considered the question before it to be whether a "defensive" assertion in an independent action under Rule 60(b), in and of itself, makes governmental consent to suit irrelevant, the *Timmons* court never answered such a question. The court said simply that the defendants' allegations were *not* defensive; it did not say, or even imply, that had the allegations been defensive, they would have been permissible for a reason other than that they fell within the scope of the waiver arising by the government's institution of suit.

Indeed, it is doubtful the *Timmons* court would have made such a pronouncement without grappling with certain language appearing in *Jones v. Watts,* 142 F.2d 575 (5th Cir.1944). The court in *Jones* faced a challenge to a money judgment in favor of the United States alleged to be void for want of service. The court ruled that the United States was an indispensable party in any attempt to set aside the judgment, and turned its consideration to the vehicle by which the plaintiffs' challenge to the judgment could proceed against the United States. Even though the plaintiffs sought only to set aside the judgment, so that they challenged the judgment only "defensively," the court stated that a suit in equity (the predecessor to an independent action under rule 60(b)) "is probably not available against the United States, for want of consent to be sued." *Id.* at 577.[6]

The Court therefore concludes that consent of the government is necessary to establish the Court's jurisdiction. Plaintiffs have not contended that any express statutory authorization bestows the government's consent to this suit, and the court is aware of no such authorization. The government did not file this action, and thus did not waive sovereign immunity to the extent of purely defensive counterclaims, per *Frederick.* The government raised sovereign immunity in its first pleading in this action, (*see* Defendants' Memorandum in Opposition to Plaintiffs' Motion to Require Sequestration and Preservation of Documents, at 2), and again in their briefing in support of their motions to dismiss, and thus have not waived sovereign immunity by their conduct in this action. Plaintiffs' only waiver argument is that defendants waived sovereign immunity "in the original suit," (Transcript of Oral Argument at 31; *see also id.* at 33), an argument that appears indistinguishable from that expressly rejected in *Timmons.*

Because the consent of the United States is necessary to this Court's jurisdiction over this cause, and because plaintiffs have not demonstrated any such consent, by waiver or otherwise, defendants' "Motion to Dismiss Amended Complaint" is GRANTED. This action is DISMISSED for want of jurisdiction.

---

**5.** "[T]he principles of the independent action may be used defensively to defeat plaintiff's recovery." J. Moore, *supra,* ¶ 60.36, at 60–370.

**6.** The *Timmons* court was well aware of the *Jones* decision, citing it in support of its ruling on the defendants' first contention. 672 F.2d at 1379.